UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ALL CRANE RENTAL OF  CIVIL ACTION
LOUISIANA, L.L.C.

VERSUS

T.L. HAWK, L.L.C., ET AL.  NO. 24-00147-BAJ-SDJ

RULING AND ORDER

Before the Court is Plaintiff ALL Crane Rental of Louisiana, L.L.C.'s **Motion For Default Judgment Against Defendant T.L. Hawk, L.L.C., Pursuant To Fed. R. Civ. P. 55(b)(2) (Doc. 23)**. The Motion is unopposed. For the following reasons, Plaintiff's Motion will be **GRANTED**.

I.  BACKGROUND

This case arises out of Defendant T.L. Hawk, L.L.C.'s ("T.L. Hawk" or "Defendant") failure to pay amounts owed to Plaintiff under a rental agreement. Despite demand letters, the initiation of this lawsuit, the issuance of a Clerk's Entry of Default Judgment, and Plaintiff's filing of the current Motion for Default Judgment, Defendant has failed to appear or respond to this lawsuit in any manner and has yet to pay Plaintiff under the Agreement. Accordingly, and for the reasons described below, the Court finds that default judgment is warranted in Plaintiff's favor.

Plaintiff is in the business of leasing crane equipment to general contractors, subcontractors, construction companies, and other individuals and entities.

(Doc. 1 at ¶ 8). On May 23, 2018, Plaintiff and Defendant executed a rental agreement governing the lease of certain crane equipment. (Doc. 1-4). The parties later executed multiple addenda to the Agreement. (Doc. 1 at ¶ 9; Doc. 1-5; Doc. 1-7; Doc. 1-10; Doc. 1-13; Doc. 1-16). The rental agreement and addenda thereto shall be collectively referred to as "the Agreement." (Doc. 1-4; Doc. 1-5; Doc. 1-7; Doc. 1-10; Doc. 1-13; Doc. 1-16).

Under the Agreement, Plaintiff delivered cranes to Defendant to conduct work on five projects. (Doc. 1 at ¶ 12). Plaintiff also provided assembly and disassembly services on the equipment. (*Id.*). Defendant, however, failed to pay Plaintiff under the Agreement. (*Id.*). Specifically, Defendant failed to pay Plaintiff the principal amount of:

   A. $518,648.05 for Project 1;

   B. $232,428.50 for Project 2;

   C. $98,610.29 for Project 3;

   D. $82,200.51 for Project 4; and

   E. $75,828.20 for Project 5.

(*Id.* at ¶¶ 12, 16, 20, 24, 28). Plaintiff filed invoices and calculations related to each project into the record showing that Defendant owes Plaintiff these amounts. (Doc. 1-6; Doc. 1-8; Doc. 1-11; Doc. 1-14; Doc. 1-17).

Additionally, Plaintiff asserts that after Defendant rented Plaintiff's equipment, the equipment was either damaged or required services in the amount of:

   A. $80,037.23 for Project 1;

  B. $3,227.91 for Project 2; and

  C. $1,280.44 for Project 3.

(Doc. 23-1 at 4). Plaintiff similarly filed invoices into the record showing that Defendant owes Plaintiff these amounts for the damaged equipment. (Doc. 1-19; Doc. 1-20; Doc. 1-21).

On October 4, 2023, Plaintiff sent demand letters to Defendant demanding payment. (Doc. 1 at ¶ 33). On February 23, 2024, Plaintiff filed this lawsuit demanding payment under two theories: (1) breach of contract (Count I); and (2) open account (Count II). (Doc. 1 at ¶¶ 30–43).[1] (Doc. 1). Defendant was served with process on February 26, 2024, and its Answer was due on March 18, 2024.[2] (Doc. 4). Defendant failed to respond to Plaintiff's Complaint in any manner.

On April 4, 2024, Plaintiff moved for a Clerk's Entry of Default. (Doc. 13). The Clerk entered default against Defendant. (Doc. 15). Plaintiff then filed the instant motion, seeking default judgment in its favor in the amount of $1,092,261.13, plus contractual interest at the rate of 1.5% per month from the due date until paid, plus attorneys' fees and costs. (Doc. 23). For the following reasons, Plaintiff's Motion will be granted.

---

[1] Plaintiff also filed this suit against Defendant United States Fire Insurance Company ("USFIC" or "Surety"). On Plaintiff and USFIC's Joint Motion for Partial Dismissal With Prejudice, the Court dismissed Plaintiff's claims against USFIC with prejudice. (Doc. 22; Doc. 24). Thus, the only claims remaining are Plaintiff's claims against Defendant T.L. Hawk.

[2] According to the Proof of Service in the record, a process server personally served the summons on Defendant's registered agent. (Doc. 5).

## II.    LEGAL STANDARD

The United States Court of Appeals for the Fifth Circuit has adopted a three-step process to obtain a default judgment. *See New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). First, a default occurs when a party "has failed to plead or otherwise defend" against an action. Fed. R. Civ. P. 55(a). Next, an entry of default must be entered by the clerk when the default is shown "by affidavit or otherwise." *See id.*; *New York Life*, 84 F.3d at 141. Third, a party may apply to the court for a default judgment after an entry of default. Fed. R. Civ. P. 55(b); *New York Life*, 84 F.3d at 141.

After a party files for a default judgment, courts must apply a two-part process to determine whether a default judgment should be entered. First, a court must consider whether the entry of default judgment is appropriate under the circumstances. *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998). Several factors are relevant to this inquiry, including: (1) whether there are material issues of fact at issue, (2) whether there has been substantial prejudice, (3) whether the grounds for default have been clearly established, (4) whether the default was caused by excusable neglect or good faith mistake, (5) the harshness of the default judgment, and (6) whether the court would think itself obliged to set aside the default on a motion by Defendant. *Id.*

Second, the court must assess the merits of the plaintiff's claims and determine whether the plaintiff has a claim for relief. *Nishimatsu Constr. Co. v. Houston Nat'l*

*Bank*, 515 F. 2d 1200, 1206 (5th Cir. 1975); *Hamdan v. Tiger Bros. Food Mart, Inc.*, No. CV 15-00412, 2016 WL 1192679, at *2 (M.D. La. Mar. 22, 2016).

### III. DISCUSSION

Plaintiff requests that the Court enter judgment in its favor and against Defendant T.L. Hawk in the principal amount of $1,092,261.13 plus contractual interest at the rate of 1.5% per month from the due date until paid. (Doc. 23 at 1). Plaintiff also requests that the Court award it reasonable attorneys' fees and costs. (*Id.*). For the following reasons, the Court finds that default judgment is warranted.

#### A. Default Judgment is Appropriate under the Lindsey Factors.

The Court must first decide whether the entry of default judgment is appropriate under the circumstances by considering the *Lindsey* factors. First, there are no material facts in dispute because Defendant failed to file an Answer or motion under Rule 12. Second, it is undisputed that Defendant has not responded to any of Plaintiff's attempts to contact it. Third, the grounds for granting a default judgment against Defendant are clearly established, as evidenced by the procedural history of this case and the Clerk's entry of default. Fourth, the Court has no basis to find that Defendant's failure to respond was the result of a good faith mistake or excusable neglect because they have failed to respond to Plaintiff or to the Court. Fifth, Defendant's failure to file any responsive pleading or motion mitigates the harshness of a default judgment. Finally, the Court is not aware of any facts that would lead it to set aside the default judgment if challenged by Defendant. The Court therefore finds that the six Lindsey factors weigh in favor of entry of default against Defendant.

## B. The Sufficiency of the Pleadings.

Next, the Court must determine whether Plaintiff's pleadings provide a sufficient basis for a default judgement. Here, Plaintiff sued Defendant for breach of contract (Count I) and open account (Count II). (Doc. 1 at ¶¶ 30–43). Where, like here, jurisdiction is founded on diversity, federal courts must apply the substantive law of the forum state.[3] *Erie R.R. v. Tompkins*, 304 U.S. 64, 78 (1938)).

Under Louisiana law, "[a] contract is an agreement by two or more parties whereby obligations are created, modified, or extinguished." *JMF Med., LLC v. Team Health, LLC*, 490 F. Supp. 3d 947, 973 (M.D. La. 2020) (citing La. Civ. Code art. 1906). "The central elements of a breach of contract action are the existence of a contract, a party's breach thereof, and damages." *JMF Med., LLC*, 490 F. Supp. 3d at 973 (citing *Favrot v. Favrot*, 2010-0986 (La. App. 4th Cir. 2/9/11), 68 So. 3d 1099, 1108-09 (quoting *Hercules Machinery Corp. v. McElwee Bros., Inc.*, 2002 WL 31015598, at *9 (E.D. La. Sept. 2, 2002)). Stated differently, the elements of a cause of action for breach of contract are: "(1) the obligor's undertaking of an obligation to perform (the contract), (2) the obligor failed to perform the obligation (the breach), and (3) the failure to perform resulted in damages to the obligee." *JMF Med., LLC*, 490 F. Supp. 3d at 973 (citing *Denham Homes, L.L.C. v. Teche Federal Bank*, 14-1576 (La. App. 1st Cir. 9/18/15), 182 So. 3d 108, 118.

Here, the parties executed a valid and binding contract—the Agreement. (Doc. 1-4; Doc. 1-5; Doc. 1-7; Doc. 1-10; Doc. 1-13; Doc. 1-16). Defendant breached the

---

[3] Plaintiff alleges that the Court has jurisdiction pursuant to 28 U.S.C. § 1332. (Doc. 1 at ¶ 4).

Agreement by failing to pay Plaintiff under the terms of the Agreement. Plaintiff suffered damages due to Defendant's failure to pay. Thus, Plaintiff has demonstrated a sufficient basis for default on Plaintiff's Complaint.

### C. Damages.

A defaulting defendant "concedes the truth of the allegations of the Complaint concerning defendant's liability, but not damages." *Ins. Co. of the W. v. H & G Contractors, Inc.*, 2011 WL 4738197, *4 (S.D. Tex., Oct. 5, 2011). A court's award of damages in a default judgment must be determined after a hearing, unless the amount claimed can be demonstrated "by detailed affidavits establishing the necessary facts." *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979). If a court can mathematically calculate the amount of damages based on the pleadings and supporting documents, a hearing is unnecessary. *Joe Hand Promotions, Inc. v. Alima*, No. 3:13-CV-0889-B, 2014 WL 1632158, at *3 (N.D. Tex. Apr. 22, 2014) (citing *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993)).

A review of the record reflects that the elements of damages are mathematically calculable based on the supporting documentation and affidavits submitted; thus, a hearing is not necessary. (Doc. 1-6; Doc. 1-8; Doc. 1-11; Doc. 1-14; Doc. 1-17; Doc. 1-19; Doc. 1-20; Doc. 1-21; Doc. 23-4; Doc. 23-5). The invoices reflect that Defendant owes Plaintiff the following amounts for the rental equipment: (1) $518,648.05 for Project 1; (2) $232,428.50 for Project 2; (3) $98,610.29 for Project 3; (4) $82,200.51 for Project 4; and (5) $75,828.20 for Project 5. (*Id.*). The record

7

further reflects that Defendant owes Plaintiff for damages to the equipment in the following amounts: (1) $80,037.23 for Project 1; (2) $3,227.91 for Project 2; and (3) $1,280.44 for Project 3. (*Id.*). Accordingly, judgment is warranted in Plaintiff's favor and against Defendant in the principal amount of $1,092,261.13.

### D. Interest.

Plaintiff also seeks interest at the rate of 1.5% per month from the date payment was due until paid in full as agreed upon in Paragraph 3 of the Agreement. (Doc. 23-1 at 5). Paragraph 3 of the Agreement provides that "late payments shall accrue interest at the rate of one and one half percent per month (eighteen percent per annum), or the maximum rate permitted by law, if less." (Doc. 1-4 at ¶ 3). Thus, under the plain terms of the Agreement, Defendant must pay Plaintiff interest at the rate of 1.5% per month.

### E. Attorneys' Fees and Costs.

Plaintiff also seeks attorneys' fees and costs as agreed upon in Paragraph 15 of the Agreement. (Doc. 23-1 at 5). Paragraph 15 of the Agreement provides that Defendant shall be in default if it "fails to fully and timely pay any rent or other amounts when due." (Doc. 1-4 at ¶ 15). The Agreement further provides:

> In addition to the payment of any amounts due [Plaintiff] hereunder, [Defendant] shall be responsible for and shall reimburse [Plaintiff] for all costs and expenses incurred by [Plaintiff] in connection with the exercise of any rights and remedies hereunder . . . including costs of collection and reasonable attorney's fees . . .

8

(*Id.*). Under the plain terms of the Agreement, Plaintiff is entitled to recover attorneys' fees and costs under the Agreement.[4]

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that Plaintiff ALL Crane Rental of Louisiana, L.L.C.'s **Motion For Default Judgment Against Defendant T.L. Hawk, L.L.C., Pursuant To Fed. R. Civ. P. 55(b)(2) (Doc. 23)** is **GRANTED**.

**IT IS FURTHER ORDERED** that default judgment is hereby entered in favor of Plaintiff ALL Crane Rental of Louisiana, L.L.C. and against Defendant T.L. Hawk, L.L.C.

**IT IS FURTHER ORDERED** that Defendant T.L. Hawk, L.L.C. shall pay Plaintiff the principal sum of $1,092,261.13, plus interest at a contractual rate of 1.5% per month, plus attorneys' fees and costs.

---

[4] Because Plaintiff establishes a sufficient basis for default judgment under a theory of breach of contract entitling it to damages, interest, attorneys' fees, and costs, the Court need not consider Plaintiff's claim for open account.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the above-captioned matter be and is hereby **DISMISSED WITH PREJUDICE.**

Judgment shall be issued separately.

Baton Rouge, Louisiana, this 10th day of June, 2025

_____
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**